IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN KENT BLOOM,

                **Plaintiff,**

    v.                                CASE NO.07-3300-SAC

ROBERT D. HECHT,

                **Defendant.**

## O R D E R

This matter is before the court on a pro se complaint filed under 42 U.S.C. § 1983 by a prisoner incarcerated in a Kansas correctional facility. The sole defendant named is Robert D. Hecht, the District Attorney for Shawnee County, Kansas.

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff seeks relief for the alleged violation of his rights under the First Amendment and Due Process Clause. He alleges defendant Hecht falsely stated in a brief filed in the Kansas appellate courts in October 2001 that "discovery and trial evidence of a confession to murder by Bloom exists." Plaintiff maintains this statement is false, and that there is no writing that states he murdered the victim. Plaintiff argues the

false public statement that he had confessed to murder was error of constitutional magnitude, and constituted malicious and abusive prosecution.

Having reviewed plaintiff's allegations, the court finds the complaint should be summarily dismissed because plaintiff clearly seeks monetary relief from a defendant who is immune from such relief.

It is well recognized that prosecutors are entitled to absolute immunity from suits for civil damages when such suits are based on the prosecutor's performance of functions "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Mink v. Suthers, 482 F.3d 1244, 1258 (10th Cir. 2007). As long as prosecutors are functioning as an advocate of the state at the time of their actions, they are entitled to absolute immunity from suit. Buckley v. Fitzsimmons, 509 U.S. 259, 273-74 (1993). A prosecutor's actions after a conviction and while a direct appeal is pending are protected from § 1983 action by absolute immunity. Parkinson v. Cozzolino, 238 F.3d 145 (2d Cir. 2001)(citing cases holding that a prosecutor's absolute immunity extends to the appellate stages of criminal trials). See also Fritz v. Hammons, 1993 WL 96890, *1 (10th Cir. 1993)("The preparation of an appellate brief is without question intimately associated with the judicial phase of the criminal process.")(unpublished opinion).

A district court does not commit reversible error when it dismisses a complaint sua sponte without permitting the pro se

litigant to amend the complaint if it is clear the amendment would be futile.  *See* McKinney v. Oklahoma Dep't of Human Services., 925 F.2d 363, 365 (10th Cir. 1991).  As the sole defendant named in the instant complaint is absolutely immune from plaintiff's claim for damages, it is patently clear that any amendment of the complaint would be futile.  The court thus concludes the complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b)(2).[1]

IT IS THEREFORE ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

**IT IS SO ORDERED.**

DATED:  This 6th day of February 2008 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1] The court notes the complaint also appears subject to being summarily dismissed as clearly stating no claim for relief because plaintiff's claims are time barred and his allegations state no cognizable claim of constitutional deprivation, 28 U.S.C. § 1915A(b)(1), but finds it unnecessary under the circumstances to further address these alternative reasons for dismissing the complaint.

3